## LEE FLEMING V. MISTLETOE HEIGHTS LAND COMPANY.

Decided December 31, 1910.

**1.—Trespass to Try Title—Limitation—Privity of Occupancy—Charge.**

In an action of trespass to try title against a defendant claiming under the statutes of limitation, and wherein judgment was rendered for the plaintiff, charges upon the statutes of limitation and adverse possession considered, and held subject to the objection that they were not warranted by the evidence, in that there was no evidence as to privity between the successive claimants and occupants of the land in controversy.

**2.—Same—Grazing Cattle—Joint Use.**

Where two persons use the same land for grazing purposes, that fact alone is not conclusive evidence that the use and occupancy by one is hostile to the claim and occupancy of the other. One may be using by permission of the other. Charge considered and held error in this respect.

**3.—Limitation—Concealment of Claim.**

It is not necessarily true that a failure by an occupant of land, claiming the same under the ten years' statute of limitation, to make claim for damages against a railroad company for appropriating a part of the same for right of way purposes, would defeat his right to hold the same by limitation, even though his purpose in failing to make the claim was to conceal the fact of his claiming the land.

**4.—Same—Recognition of Adverse Claim.**

One claiming a tract of land by limitation placed another party in possession of a part of the tract; such party recognized by an instrument in writing an adverse claim as a superior title to the portion of the land of which he was in possession. Held, such recognition could not affect the title by limitation of the original occupant to that portion of the land of which he remained in possession; and this, though the recognition by the other party was with his knowledge and consent.

Appeal from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*Wray & Mayer,* for appellant.

*R. M. Rowland* and *Robt. Harrison,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an action of trespass to try

title instituted by appellee to recover from appellant about nine acres of land known as blocks A and B of Mistletoe Heights Addition to the city of Fort Worth. The defendant answered by a plea of not guilty and interposed the statute of limitations of five and ten years. A jury trial resulted in a verdict and judgment for plaintiff and defendant has appealed.

Complaint is made of the following special charges given at the instance of appellee:

(2) "If the owner of the larger tract of land, of which the land now in dispute was a part, had a tenant in actual possession of any portion of such larger tract, and at the same time Daugherty was living on the land now in controversy but did not have the same actually inclosed and separated by a fence from the rest of said tract, then while such situation continued Daugherty's possession was not 'exclusive' within the meaning of that term as used in the court's main charge."

(3) "If you believe from the evidence that at any time within the ten years next preceding the filing of this suit (this suit being filed on the 31st day of January, 1908) Daugherty and Clack were both using the land about Daugherty's place of residence for the purpose of grazing cattle, sheep or goats, then you are instructed that such fact destroys the claim that Daugherty held exclusive possession of the land in controversy, and you will find for the plaintiff."

(4) "If you believe from the evidence that Clack was a tenant or representative in charge of the Mistletoe Heights Addition for H. C. Lowry or the Mistletoe Heights Land Company, and if Daugherty entered upon a portion of said land with the permission of Clack and not in hostility to him, then Daugherty became a tenant by sufferance of the land occupied by him, and his possession was not adverse within the meaning of the law, unless and until he distinctly repudiated such tenancy and brought home to Clack, or the owner of the land, either by words or by notorious and unequivocal acts of exclusive ownership, notice that he had repudiated such tenancy."

(7) "You are instructed that if you believe from the evidence that Daugherty refrained from making a claim against the railroad company when it built a line of road through the tract of land Daugherty claimed he was holding, or that he consented that Sarsfield, who was occupying a part of the said tract, made no effort to hold the part occupied by him when the owner thereof demanded that Sarsfield sign a lease admitting that he was holding as a tenant, and that Daugherty's intention and purpose in so doing, if he did so do, was to conceal the fact that he was laying claim to the land in controversy, and that his action was a break in the adverse and notorious claim of possession required by law to constitute a title by limitation, you are instructed to return a verdict in favor of the plaintiff."

In the beginning of the statement of facts we find this agreement: "It was further agreed that plaintiff had connected itself with the sovereignty of the soil by regular chain of title," but no abstract of this title appears in the record, nor is there any evidence from which we can

ascertain who appellee's predecessors in title were, or that they were ever in possession of the land in controversy, or that they ever at any time had a tenant who was in possession of the same, or any part of it. It is apparent, therefore, that appellant's objection to the second, third and fourth special charges, because of such absence of testimony, is well taken. We can not assume that the testimony actually showed that H. C. Lowry ever owned the land or that Clack held the same as a tenant.

The third special charge is further erroneous in that it assumes that Clack's use of the land about Daugherty's place for grazing cattle, sheep or goats, was hostile to that of Daugherty, whereas the jury might have found under the circumstances that Clack's use of the land was in recognition of Daugherty's title, Daugherty having purchased from and been put in possession by Clack.

The seventh special charge is erroneous for two reasons. First, it is not necessarily true that Daugherty's failure to make a claim against the railroad company for damages when it built its line across the land would defeat his right to hold the same by limitation of ten years, even though his purpose was to conceal the fact of his claiming the land; and, second, certainly Sarsfield's recognition of the rights of the real owner, even though assented to by Daugherty, could affect only that portion of the land occupied by Sarsfield, of which the land in controversy was not a part.

For the error in giving these special charges the judgment is reversed and the cause remanded.

*Reversed and remanded.*

DUNKLIN, ASSOCIATE JUSTICE, not sitting.